RIVERA, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Damages for Libel.

No. 1991.—Decided May 31, 1919.

APPEAL—TRANSCRIPT.—When the appellee alleges that the transcript does not contain all the necessary elements for a consideration of the appeal, he must state what matters were omitted so that the court may be in a position to decide whether any material fact is lacking.

ID.—ID.—Although it may not appear from the transcript that a copy was delivered to the adverse party, it is sufficient if that fact appears from the record by means of an affidavit.

ID.—SPECIAL ORDER.—After the expiration of the ten days fixed by law within which to appeal from a special order entered after final judgment no appeal can be taken, and an appeal so taken should be dismissed on motion of the interested party.

ID.—APPEALABLE ORDER—TITLE OF MOTION.—In order to determine whether or not an order is appealable it is necessary to consider its nature and scope and not solely the title of the motion which originated it. Therefore, it is immaterial that a motion be styled a motion for ''reconsideration,'' for if it is really a motion to quash a writ of execution it will be considered as such and the ruling thereon will be appealable.

ID.—MOTION—RECONSIDERATION.—Although a motion may be styled a motion for reconsideration, it will not be so considered if by it an issue is raised for the first time (like the jurisdiction of the lower court) and it does not ask for the review of some ruling made at the instance of the mover. On the contrary, it would be a motion for the annulment of some procedure (like that of the writ of execution herein) obtained by the adverse party and without hearing the party making the so-called motion for reconsideration.

ID.—STAY OF EXECUTION.—An appeal which does not come within any of the cases referred to in Section 298 of the Code of Civil Procedure has the effect of staying the execution of the judgment until the appeal is disposed of.

ID.—CROSS-APPEAL.—An appeal which has the effect of staying the execution of judgment pursuant to Section 297 of the Code of Civil Procedure is in no way affected by the mere fact that the Supreme Court had disposed of a cross-appeal taken by the adverse party, without considering questions that could only be discussed under the other appeal.

ID.—JURISDICTION—STAY OF EXECUTION.—It is improper to order the execution of a judgment affirmed or modified by this court on appeal when a cross-appeal taken therefrom by the adverse party is still pending in this court, and a court which orders the execution of the judgment in such a case does so without jurisdiction and on motion of a lawful party should order that the execution be stayed.

ID.—ID.—A district court has no jurisdiction to dismiss an appeal from its own judgment; therefore it is not justified in considering an appeal as dismissed because it has not been promptly and duly prosecuted, this being a question for the Supreme Court and not for the lower court to decide.

ID.—EXECUTION.—The execution of a judgment ordered by a court without jurisdiction is null and void and when so adjudged the status of the case is the same as before the execution was ordered.

The facts are stated in the opinion.

Mr. *Victor P. Martínez* for the appellant.

Messrs. *Luis Llorens Torres* and *José C. Rivera* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

José C. Rivera brought an action in the District Court of Aguadilla against Víctor P. Martínez for damages for libel and judgment was entered on October 26, 1917, sustaining the complaint, dismissing the counterclaim of the

defendant and adjudging that the defendant pay to the plaintiff one dollar as damages, one dollar as attorney fees and the costs of the action.

From this judgment defendant Martínez appealed to this court within the time fixed by law and perfected the appeal by filing a notice of appeal with the clerk of the court and delivering a copy thereof to the plaintiff. The plaintiff also appealed from that judgment and in December, 1918, this court disposed of his appeal by modifying the judgment to the effect that the plaintiff recover from the defendant the sum of $3,000, with costs and attorney fees. After that judgment was entered plaintiff Rivera moved the lower court for a writ of execution, which was ordered by that court on December 20, 1918.

Two days later the defendant filed a motion in the said court in which, after alleging, among other things, that his appeal from the judgment of October 26, 1917, was pending and that the judgment was not final for the reason that he had appealed to the United States Circuit Court of Appeals for the First Circuit from our judgment of December 6, 1918, he asked the court to reconsider its order for the execution of the judgment of this court in the appeal of the plaintiff and to stay the execution until his appeal from the judgment of the District Court of Aguadilla should be determined.

The lower court overruled this motion on February 6, 1919, and notice of that ruling having been given to Martínez on February 17, on the 24th of the same month he brought this appeal from the order of February 6, 1919, and also from the order of December 20, 1918, granting the writ of execution. Thereafter, based on the fact that these appeals were pending, he moved the lower court to order a stay of the execution and of the sale of the property levied on thereunder and this motion was also overruled.

The transcript of the record in this appeal recites also the action taken by the plaintiff for the approval of his memorandum of costs and attorney fees and the order of the

court determining their amounts, but it does not appear that that order was appealed from.

While this appeal was pending here the defendant-appellant moved this court to order the lower court to stay the execution of the judgment meanwhile. A day having been set for the hearing on this motion, the appellee filed a written motion in opposition thereto, asking this court to dismiss these appeals for the several reasons stated.

On the day after the hearing on the said motion the appeal came on for hearing.

The first question to be considered is that raised by the appellee's motion for dismissal, for a favorable ruling on that motion would dispose of the appeal.

The first ground of the motion for dismissal is that the transcript filed by the appellant is not complete. It does not appear what matters were omitted from the transcript, nor has the appellee asked us to correct it by supplying the omitted matters; therefore we are not in a position to decide whether any material fact is lacking. We have examined the transcript and in our opinion it contains all the necessary elements for the consideration of the questions involved in the appeal.

The second ground is that the appeal has not been perfected by the appellant because he has not complied with the requirement of delivering a certified copy of the transcript to the appellee. Although it does not appear from the transcript itself that a copy was delivered to the appellee; nevertheless, from an affidavit of José Dieppa included in the record, it appears that notice of it was given to the appellee before the transcript was filed in this court.

The third alleged ground for dismissal of the appeals is that the orders of December 20, 1918, and February 6, 1919, are not appealable. At the hearing our attention was also called to the fact that the appeal from the order of December 20 was not taken in time.

We need not decide now whether the order of December

20, 1918, for the execution of our judgment of December 6 is appealable, for the appeal therefrom was taken on February 24, 1919, or long after the expiration of the ten days allowed by subdivision 3 of section 295 of the Code of Civil Procedure within which to appeal from special orders entered after judgment; therefore the appeal from that order must be dismissed.

The question is different with regard to the appeal from the order of February 6, 1919, for it was taken within the time fixed by law.

The motion of December 22, 1918, which originated that order, is styled a motion for reconsideration, but it is in fact a motion to quash the writ issued in compliance with the order of December 20, 1918, for the execution of our judgment of December 6, 1918. That order was entered at the instance of José C. Rivera, without hearing or giving notice to the defendant; consequently it was not a ruling on any motion of the latter and for this reason his motion of December 22, although it employs the word "reconsideration," does not ask for the review of any ruling made at his instance, but for the first time raises the question of lack of jurisdiction in the lower court to order the execution of our judgment of December 6, 1918, because his appeal from the judgment of October 26, 1917, was pending; therefore the rule that an order refusing to reconsider a previous order is not appealable is not applicable. The motion of the defendant referred to is in fact and in its scope a motion to quash the writ issued by virtue of the order for the execution of our judgment in the plaintiff's appeal, and such an order is appealable because it is a special order entered after judgment.

Regarding the other ground for dismissal—that the order approving the memorandum of costs was not appealed from—we have already said that such is the fact and that therefore we shall not pass upon it, but this is no reason

why we should dismiss the appeal from the order of February 6, 1919.

For these reasons we must overrule the appellee's motion for dismissal of the appeal from the order of the lower court of February 6, 1919, and will consider the appeal on its merits.

The question raised by the appellant is simple. The judgment of October 26, 1917, having been appealed from by both plaintiff and defendant and these appeals not coming within any of the cases referred to in section 298 of the Code of Civil Procedure, they had the effect of staying the execution of that judgment until they were disposed of, pursuant to section 297 of the same code, and the fact that one of the appeals is disposed of does not annul the stay of execution incident to the appeal taken by the other party.

For these reasons, when defendant Martínez called the attention of the lower court to the fact that it was acting without jurisdiction because his appeal from the judgment entered in the case was still pending, the District Court of Aguadilla should have quashed the writ of execution issued by its order, and not having done so, all the steps taken for the execution of our judgment in one of the appeals are null and void and the case should remain in the condition in which it was when our judgment disposing of the appeal of one of the appellants was received by the lower court. The grounds upon which the court relied for overruling that motion are not justifiable, for if defendant Martínez had lost his right to have his appeal heard because it was not duly prosecuted, that is a question for the Supreme Court and not for the lower court to decide; nor is it a sufficient ground to support the ruling now under review that at the hearing on the plaintiff's appeal the defendant made allegations in this court in support of his appeal (as we understand the order below), which allegations, the lower court asserts, were taken into consideration by this court, for it does not so

appear from the judgment of December 6, 1918, or from the opinion upon which it is based.

In view of the conclusion arrived at regarding the merits of the appeal and of the fact that the motion of the defendant-appellant here for a stay of execution was heard on the day before the hearing on the appeal, it is not now necessary to rule on the motion specially, for it will be disposed of impliedly in the decision on the appeal.

For the foregoing reasons the appeal from the order of December 20, 1918, is dismissed and the order of February 6, 1919, is set aside and substituted by another order quashing the writ issued by order of the lower court for the execution of our judgment of December 6, 1918, in the plaintiff's appeal.

*Appeal dismissed and order reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.